**Michael FRANK, Theresa Frank, and James Frank, Plaintiffs,**

**v.**

**UNITED STATES FOOD AND DRUG ADMINISTRATION, Kathleen Sebelius, in her official capacity as Secretary of the United States Department of Health and Human Services, Glenn T. Bass, in his official capacity as Detroit District Director for the United States Food and Drug Administration, and Margaret A. Hamburg, in her official capacity as Commissioner of Food and Drugs for the United States Food and Drug Administration, Defendants.**

Case No. 13–CV–10285.

United States District Court,
E.D. Michigan,
Southern Division.

Signed Feb. 26, 2014.

Steven D. Brock, Vernon R. Johnson, Johnson Law, PLC, Detroit, MI, for Plaintiff.

Laura A. Sagolla, U.S. Attorney's Office, Detroit, MI, for Defendant.

Cynthia E. Merry, Merry, Farnen, St. Clair Shores, MI, Charles D. Miller, Garan Lucow, Detroit, MI, for Movant.

### *AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (document no. 5)*

STEPHEN J. MURPHY, III, District Judge.

This is a case wherein plaintiffs James Frank, Theresa Frank, and Michael Frank seek review of a decision of the United States Food and Drug Administration ("FDA") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 704. The action is actually the by-product of a tort case that the Franks brought in Michigan state court against Alert Medical, Inc. ("AMI"), Service Center ("SC"), and Western Enterprises, seeking recovery for injuries that Michael Frank allegedly suffered after using an oxygen tank that was supplied by AMI and filled by SC.

Before initiating the state court litigation, the Franks provided the oxygen tank at issue to the FDA voluntarily for the purpose of conducting an investigation. The Franks then requested that the FDA return the tank, which request the FDA denied. During the litigation, the Franks sent a letter to the FDA requesting that the FDA produce Dr. Mark Witkowski, the FDA employee who prepared the resulting FDA laboratory report, which was provided to the Franks, for a deposition. Following its housekeeping regulations, codified at 21 C.F.R. § 20.1–20.3, the FDA denied the request in writing. The Franks then sought to compel Dr. Witkowski's testimony again as well as that of four

additional FDA employees by serving multiple state court *subpoenas duces tecum.* The FDA responded by denying the requests on the bases of both 21 C.F.R. § 20.1 and the principles of sovereign immunity protecting federal agencies from being compelled by state courts to produce employee testimony or records.

Now, the Franks bring the instant complaint pursuant to the Administrative Procedures Act seeking judicial review of the FDA's decisions to retain the oxygen tank and to deny their request to have its employees testify in the state court proceeding. Before the Court is the FDA's motion to dismiss or, alternatively, for summary judgment, in which it argues that the Franks have not shown that its decisions were arbitrary, capricious, or an abuse of discretion.

## BACKGROUND

James Frank and Theresa Frank are the parents of Michael Frank. Compl., ¶¶ 2–3, ECF No. 1. In 2011, Michael, who was 20 years old and who suffered from Muscular Dystrophy, lived at home dependent on a ventilator. *Id.,* ¶ 15. For about four years, the Franks purchased Michael's oxygen tanks from AMI. *Id.,* ¶ 14. The tanks were filled by SC. *Id.* On March 21, 2011, Michael became ill after using one of the tanks. *Id.,* ¶ 19. He was taken to the Children's Hospital of Michigan where it was discovered that he suffered injuries to his throat, trachea, and lungs as a result of a substance in the oxygen tank. *Id.,* ¶ 20. The Franks then instituted a lawsuit against AMI, SC, and insurer Western Enterprises in the Wayne County (Michigan) Circuit Court in order to seek recovery for Michael's injuries. *See Frank, et al v. Alert Medical, Inc. et al.,* Civil Action No. 11–007–029–NZ (Cir. Ct. Wayne Cnty. MI.2011).

### 1. *The Oxygen Tank*

A complaint was made to the FDA on behalf of the Franks and the Franks provided the oxygen tanks to the FDA, at the FDA's request, for the purpose of conducting an investigation. *Id.,* ¶ 22; 24. On or about March 23, 2011, the FDA issued a receipt to the Franks for the 680 liter oxygen tank, its contents, and an 8 liter regulator. FDA Administrative Record ("FDA–AR") at 0001–2, ECF No. 4. On the form, the box was checked that the tank was "provided at no charge" and the box "borrowed (to be returned)" was not checked. *Id.* at 0002. By letter dated April 5, 2011, SC requested that it obtain the oxygen tank for its own testing and that it had obtained approval from AMI to do so before the FDA obtained the tank. *Id.* at 0003–4. By letter dated April 6, 2011, the Franks' attorney wrote to the FDA, requesting that, once the FDA completed its testing, it return the tank to the Franks to be a critical piece of evidence at trial. *Id.* at 0005.

By letter dated April 22, 2011, the FDA responded to both SC and the Franks. *Id.* at 0006–7. The FDA's Associate Chief Counsel for Enforcement informed the requesters, as he stated that he had previously done in telephone calls to them, that it was conducting an investigation that would require the FDA to evacuate the contents of the oxygen tank and to disassemble the regulator. *Id.* at 0006. He further stated that they would be provided with a copy of the investigation report and a sample of the contents of the oxygen tank if holding canisters were sent. *Id.* The Franks received the sample. *Id.* at 0010. After the investigation was concluded, the FDA provided a copy of the resulting report, which was made by Dr. Witkowski, to the Franks. *Id.* at 0008–10.

### 2. The Requests for Deposition Testimony

On December 20, 2011, the Franks' attorney wrote a letter to the FDA requesting that he be able to depose Dr. Witkowski. *Id.* at 0010–11. He explained, "Taking Dr. Witowski's deposition is essential to advancing Michael's legal interests for two reasons: understanding why and how the tank malfunctioned, and establishing chain of custody for our use of the thank at Michael's trial." *Id.* at 0010. He further stated that "[p]ursuing Michael's interests is of paramount importance to us[.]" *Id.* at 0011.

By letter dated February 21, 2012, the FDA denied the request. *Id.* at 0019–21. The FDA explained that 21 C.F.R. § 20.1 prevents any FDA employee from providing testimony before any tribunal pertaining to any information acquired in the discharge of his official capacity without authorization. *Id.* at 0019. Noting its limited staff and resources, the FDA stated, "Were FDA to routinely grant requests for testimony in litigation between private parties in cases involving products regulated by the agency, key agency personnel would spend an inordinate amount of time preparing for and providing such testimony, thereby substantially inhibiting FDA's ability to effectively safeguard the public health." *Id.* It explained that it had the discretion to grant deposition requests that met the requirements of 21 C.F.R. § 20.1, which are that the testimony requested is (1) in the public interest and (2) will promote the objectives of the FDA. *Id.* at 0020.

The FDA concluded that authorizing Dr. Witkowski to be deposed would neither be in the public interest nor would it promote the FDA's objectives. *Id.* The FDA explained that it had already provided the factual findings of its investigation to the Franks through a sample of the contents of the oxygen tank as well as a copy of the report, and by offering to answer questions about the report. *Id.* It determined, "It would be inappropriate and unnecessary for an FDA employee to provide expert opinion in a private lawsuit. Other experts knowledgeable in the field can provide any necessary expert advice." *Id.*

On September 21, 2012, the Franks' attorney then sent Dr. Witkowski a *subpoena duces tecum* from the Michigan court requiring him to appear for a deposition. *Id.* at 0022–24. The FDA responded by letter dated October 2, 2012, reiterating the criteria of 21 C. F.R. § 20.1 and denying the request. *Id.* at 0025–26.

On November 21, 2012, the Franks' attorney sent another Michigan court *subpoena duces tecum* to Dr. Witkowski to appear for a deposition and to produce documents as well as for four more FDA employees: Deanna Lampley; Matthew Gretkierewicz; David Crockett; and Steve Barber. *Id.* at 0027–50. In a letter dated November 29, 2012, the FDA responded that, under the doctrine of sovereign immunity, state courts cannot compel the testimony or production of documents from the FDA or its officials. *Id.* at 0051–52. Again, the FDA explained that it denied the requests to appear because the Franks failed to provide information showing that their testimony satisfied the requirements of 21 C.F.R. § 20.1 and based on the need to conserve agency resources. *Id.* at 0052. The FDA also stated that it was treating the subpoenas for document production as written requests for existing records pursuant to the Freedom of Information Act ("FOIA"). *Id.*[1]

### STANDARD OF REVIEW

Although the FDA has brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a

---

**1.** The Franks do not challenge the denial of the document requests.

motion for summary judgment under Rule 56, the applicable standard of review for the instant case is set forth in the APA. *Sunshine Rehab Servs., Inc. v. U.S. Citizenship & Immigration Servs.*, No. 09–13605, 2010 WL 3325442, at *5 (E.D.Mich. Aug. 20, 2010). A court is allowed to set aside agency action it finds to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). The arbitrary and capricious test is a narrow one where the court is not permitted to substitute its judgment for that of the agency. *Nat'l Truck Equip. Ass'n v. Nat'l Highway Traffic Safety Admin.*, 711 F.3d 662, 667 (6th Cir.2013). Agency action is arbitrary and capricious if "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). Agency action is "not in accordance with the law when 'it is in conflict with the language of the statute relied upon by the agency.'" *City of Cleveland v. Ohio*, 508 F.3d 827, 838 (6th Cir.2007). An agency action may also be set aside if it lies outside the agency's "statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(C).

■ The Court reviews "the administrative record already in existence, not some new record made initially in the reviewing court." *Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*, 286 F.3d 382, 387 (6th Cir.2002) (quoting *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973)).[2]

### DISCUSSION

The first issue to be addressed is whether the FDA's housekeeping regulation regarding employee testimony, 21 C.F.R. § 20.1, is invalid as violative of the federal housekeeping statute, 5 U.S.C. § 301. The next issue is whether the FDA acted arbitrarily and capriciously in refusing to allow its employees to be deposed. The final issue is whether the FDA acted arbitrarily and capriciously in refusing to return the oxygen tank to the Franks.

### I. The Validity of the FDA Housekeeping Regulations

Pursuant to the federal housekeeping statute, 5 U.S.C. § 301, a federal agency may enact procedures for responding to subpoenas and other requests for testimony. Specifically, 5 U.S.C. § 301 grants agencies the authority to "prescribe regu-

---

**2.** In the introductory paragraph of their complaint, the Franks assert that they sought declaratory relief under 28 U.S.C §§ 2201 and 2202 and a writ of mandamus. Compl. at 2, ECF No. 1. However, they allege only a violation of the APA. Compl. at ¶¶ 37–46. In their response to the FDA's motion, the Franks concede that the action was brought pursuant to the APA. Pls.' Resp. 5, ECF No. 6. To the extent that the Franks seek the relief they requested in their complaint that this Court issue a writ of mandamus prohibiting the FDA from refusing to produce its employees for depositions and refusing to return the oxygen tank, and directing the FDA to produce the employees for depositions and to return the tank, it is well-settled that mandamus relief is unavailable when an action is brought under the APA. *See Southern Utah Wilderness Alliance v. Norton*, 301 F.3d 1217, 1226 n. 6 (10th Cir.2002), *cert. granted*, 540 U.S. 980, 124 S.Ct. 462, 157 L.Ed.2d 370 (2003), *rev'd on other grounds*, 542 U.S. 55, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) (collecting cases); *Taylor v. Countrywide Home Loans*, No. 08–13258, 2009 WL 1913417, at *6 (E.D.Mich. June 30, 2009) ("When the government is not a party, the Administrative Procedures Act (APA) provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas.").

lations of the government of [its] department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." Such regulations are known as *Touhy* regulations and requests made under them are known as *Touhy* requests after the United States Supreme Court decision upholding agencies' authority to create the regulations, *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). The authority to make these regulations for the FDA has been delegated to the FDA commissioner. *See* 21 U.S.C. § 371(a); FDA Staff Manual Guides § 1410.10(1)(A)(1) (2005).

21 C.F.R. § 20.1 prohibits an FDA employee from testifying without authorization. Any person who desires testimony from an FDA employee must make a written request. 21 C.F.R. § 20.1(c). The FDA may grant the request if the following criteria are met: (1) it "will be in the public interest" and (2) it "will promote the objectives of the [Federal Food, Drug, and Cosmetic Act] and the agency." *Id.*

■ In their complaint, the Franks present only the challenge that the FDA acted arbitrarily, capriciously, and contrary to law in preventing their employees from testifying in the Franks' case. However, for the first time in response to the FDA's motion, the Franks argue that the regulation is invalid. Pls' Resp. 6–8, ECF No. 6. Generally, new arguments or issues are waived when they are raised for the first time in a reply brief. *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir.2008). Accordingly, the Court need not reach this argument.

■ In any event, the Franks' argument is without merit. They point to the

other sentence of 5 U.S.C. § 301, stating, "This section does not authorize withholding information from the public or limiting the availability of records to the public," and assert that 21 C.F.R. § 20.1(c) violates this law because it permits the FDA to decide whether it will allow its employees to testify "without any restraint." Pls.' Resp. 6–8, ECF No. 6. They also argue that the regulation is not binding because the FDA has not cited any authority from any federal court regarding the legality of this particular provision. *Id.* at 7–8.

■ Instead, it is well-established that valid agency regulations promulgated pursuant to *Touhy* prevent a federal employee from being compelled to obey a subpoena contrary to his federal employer's instructions. *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury,* 86 F.3d 1208, 1212 (D.C.Cir. 1996); *Boron Oil Co. v. Downie,* 873 F.2d 67, 71 (4th Cir.1989); *Fann v. Floied,* 03–cv–042, 2006 WL 849847 (E.D.Tenn. Mar. 28, 2006). The Franks mistakenly identify such regulations as non-binding. However, *Touhy* regulations promulgated by various agencies with similar wording to the one at bar have been upheld as binding. *See Moore v. Armour Pharm. Co.,* 927 F.2d 1194, 1197 (11th Cir.1991). The Courts have recognized that "[t]his compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation." *COMSAT Corp. v. Nat'l Sci. Found.,* 190 F.3d 269, 278 (4th Cir.1999). At least one District Court has determined that the exact regulation at bar is valid. *Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Servs,* 844 F.Supp. 770, 786–87 (D.D.C.1993).[3] Therefore, the regulation is valid.

---

3. In *SEC v. Selden,* 484 F.Supp.2d 105, 107–08 (D.D.C.2007), the District Court held that the regulation at bar did not relieve the FDA

of its obligation to comply with a subpoena in federal court pursuant to Federal Rule of Civil

## II. *The Denial of Deposition Testimony*

■ The FDA argues that it did not act arbitrarily or capriciously when it denied the Franks' request to depose Dr. Witkowski because the request cited only their own legal interests rather than the public interest and the testimony would be unnecessary because of the report and sample it provided as well as the Franks' admission that the Michigan Children's Hospital had determined the cause of the injuries from the tank. Mot. to Dismiss, or, Alternatively for Summ. J. 12–14, ECF No. 5. In addition, it argues that it could not be compelled to comply with the state court subpoenas ordering its employees to testify on sovereign immunity grounds. *Id.* at 14–15. In response, the Franks contend that the FDA voluntarily entered the dispute by choosing to conduct an investigation and that the lawsuit raises the public safety issue of "the safety and purity of oxygen tanks intended for public consumption." Pls.' Resp. 8–12, ECF No. 6. In addition, they cite various difficulties they anticipate in their trial without this testimony. *Id.* at 10–11.

Based on the administrative record, the FDA did not act arbitrarily or capriciously when it denied the Franks' request to depose Dr. Witkowski because the request was not in the public interest and did not promote the objectives of the FDA. The Franks now claim that their lawsuit is in the public interest as they are seeking to protect others who could have relied on the product. However, that assertion is belied by their statements in their request to the FDA that the deposition "is essential to advancing Michael's legal interests" and "[p]ursuing Michael's interests is of paramount importance to us." FDA–AR–0010–11. Therefore, the FDA properly denied the Frank's request pursuant to 21 C.F.R. § 20.1 on this ground.

The FDA also properly concluded that presenting Dr. Witkowski would be unnecessary in light of the report it had already provided setting forth the conclusions of its investigation and the sample from the oxygen tank. FDA–AR–0020. The Franks' argument that the FDA involved itself in the underlying litigation is disingenuous when they do not dispute that the investigation began when someone contacted the FDA on their behalf. In addition, the FDA's conclusion should not be undermined by the litigation difficulties that the Franks are contending will occur without the testimony because of the well-established need to preserve agency resources. *COMSAT*, 190 F.3d at 278. Accordingly, the Court concludes that the FDA did not act arbitrarily or capriciously in denying the Franks' request to depose Dr. Witkowski.

■ It is notable that the Franks did not attempt this process for the four other employees before obtaining state court subpoeanas and that they obtained a subpoena for Dr. Witkowski when they did not get the answer they wanted from the FDA. Nevertheless, the FDA acted properly in refusing to allow their employees to comply with the subpoenas. The doctrine of sovereign immunity precludes the state court to compel FDA employees contrary to FDA instructions and to allow otherwise would be a violation of the Supremacy Clause. *See Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316–17 (7th Cir.1994); *Boron*, 873 F.2d at 70–71; *Hoste v. Shanty Creek Mgmt., Inc.*, 246 F.Supp.2d 784, 789 (W.D.Mich.2002). Pursuant to *Touhy*, "the state is without jurisdiction to independently compel the testimony [of agency officials] when it is contrary to a valid agency regulation." *Edwards*, 43 F.3d at 316. The Franks make no arguments re-

Procedure 30. However, that ruling is inapplicable here, as will be discussed more fully below, because the subpoenas at bar were issued by a state court.

garding the application of sovereign immunity. Therefore, the Court finds that the FDA cannot be compelled to have its employees testify pursuant to state court subpoenas on sovereign immunity grounds when such testimony would be contrary to the 21 C.F.R. § 20.1.

### III. *Failure to Return the Oxygen Tank*

■ On this issue, the FDA argues simply that it had the authority to obtain the tank as part of its investigative authority set forth in 21 U.S.C. § 372. Mot. to Dismiss or, Alternatively, for Summ. J. 15, ECF No, 5. The FDA points out that the receipt given to the Franks for the tank had the box checked for "provided at no charge" rather than "borrowed (to be returned)." FDA–AR–0001. The FDA also contends that the Franks have never shown that they were the owners of the tank, noting that SC, "after obtaining approval from the tank's owner, AMI," also requested the tank. Mot. to Dismiss or, Alternatively, for Summ. J. 16, ECF No, 5. Again, the FDA asserts that its decision to retain the tank was not arbitrary, capricious, or an abuse of discretion because the FDA provided its report and a sample and the Children's Hospital of Michigan already determined that a substance in the tank caused the injuries. *Id.* In response, the Franks contend only that the FDA has cited no authority for its position and there is no need for the FDA to retain the tank because its investigation is complete. Pls.' Resp. 12–13.

The FDA has the authority to retain the oxygen tank. The relevant statute states only, "Where a sample of a food, drug, or cosmetic is collected for analysis under this chapter the Secretary shall, upon request, provide a part of such official sample for examination or analysis by any person named on the label of the article, or the owner thereof, or his attorney or agent...." 21 U.S.C. § 372(b). The plain reading of this statute is that the FDA has

to provide only a sample from the oxygen tank as it did here rather than the entire tank to the Franks. The Court has found no other rules or regulations governing the property taken by the FDA for an investigation.

On the basis of this statutory authority and the administrative record at bar, the FDA's decision to retain the tank was not arbitrary or capricious. The Franks admit that they gave the tank to the FDA and the receipt they were given indicates that the tank was "provided at no charge" rather than "borrowed (to be returned)." FDA–AR–0001. Nothing in the record shows that the Franks were entitled to have the tank returned to them. Notably, SC requested the tank from the FDA at about the same time that the Franks did and explained that it had permission from AMI to obtain the tank. *Id.* at 0003. The Franks' attorney simply requested that the tank be returned to his office once it had completed testing because "[t]his tank and any additional equipment will be critical pieces of evidence at trial." FDA–AR–0005.

By letter dated April 22, 2011, the FDA responded that it was still conducting the investigation. FDA–AR–0006. This is the only FDA decision regarding the tank that the Franks have presented for review. Significantly, the Franks did not make another request for the tank after the report of the results of the FDA's investigation and the sample were provided to them in November 2011. Therefore, on the basis of the record at bar, the Court concludes that the FDA did not act arbitrarily or capriciously when it did not return the tank to the Franks despite their request.

### CONCLUSION

The Franks have not properly challenged the validity of 21 C.F.R. § 20.1 and, in any event, it is a valid regulation. The

FDA did not act arbitrarily and capriciously in denying the Franks' request to have Dr. Witkowski testify pursuant to this regulation and the FDA could not have been compelled to have Dr. Witkowski and its other employees testify through the issuance of a state court subpoena. Finally, the Franks did not show that the FDA acted arbitrarily or capriciously when it did not return oxygen tank to the Franks despite their requests. Accordingly, judgment is granted to the FDA and the complaint is dismissed.

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that the defendants' motion to dismiss (document no. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**